UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA, Plaintiff,

v. Criminal Action No. 3:16-cr-57-DJH

DAVID Q. GIVHAN, Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendant David Givhan is charged with two counts of sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. § 1591 and three counts of interstate transportation for prostitution in violation of 18 U.S.C. § 2421. (D.N. 1) The parties have filed various pretrial motions. Addressed in this Memorandum Opinion and Order are Givhan's motions for expanded voir dire (Docket No. 50), admission of evidence that his alleged victims engaged in prostitution after escaping from him (D.N. 54), and exclusion of evidence he asserts is unduly prejudicial (D.N. 57).

**I.    Motion for Expanded Voir Dire**

Givhan first asks that his counsel be permitted to question prospective jurors directly. (D.N. 50) As grounds for the motion, he states simply that "[t]his case involves issues that may touch on many different prejudices and strong feelings in the panel concerning sexuality" and that "defense counsel's familiarity with the particular facts that will be developed at trial would enable an effective back and forth with the panel regarding these difficult issues." (*Id.*, PageID # 146) The United States opposes Givhan's request, arguing that attorney-led voir dire would be inefficient and "could inject bias and confusion into the jury." (D.N. 55, PageID # 180)

The Court agrees that its standard practice of Court-conducted voir dire would best serve the interest of judicial economy and avoid the risk of prejudicing potential jurors. As the United States observes, at least two of Givhan's proposed questions would essentially ask panel members whether they agree with the defense's theory of the case.[1] (D.N. 47, PageID # 116; *see* D.N. 55, PageID # 179-80) The Court will consider the questions suggested by Givhan and ask any it deems appropriate. The motion for attorney-led voir dire will be denied.

II.     **Motion to Admit Evidence of Witnesses' Sexual Behavior**

Givhan seeks to introduce evidence that his alleged victims engaged in prostitution after escaping from him. (D.N. 54) His motion cites "KRE 4.12" (presumably Kentucky Rule of Evidence 412) as opposed to the applicable federal rule. Federal Rule of Evidence 412 prohibits admission of "evidence offered to prove that a victim engaged in other sexual behavior" or "evidence offered to prove a victim's sexual predisposition" in criminal cases "involving alleged sexual misconduct." Fed. R. Evid. 412(a). The rule provides three exceptions for criminal cases, only one of which Givhan has invoked: "evidence whose exclusion would violate the defendant's constitutional rights." Fed. R. Evid. 412(b)(1)(C). According to Givhan, "exclusion of such evidence would deny [him] the right of confrontation." (D.N. 54, PageID # 176) He does not expand upon this argument except to complain that "[s]urely, the jury should not be left with the impression that having been 'rescued' by law enforcement the prosecuting witnesses are no longer engaging in the very acts they say Mr. Givhan forced them to commit." (*Id.*) Givhan cites no caselaw in support of this assertion.

---

[1] In his pretrial memorandum, Givhan proposed that his counsel be permitted to ask, "Can you keep an open mind to the possibility that the alleged victims were willing participants rather than forced?" and "Can you listen critically to the accusers of the defendant and analyze reasons they might have for now saying they were forced, even if they participated willingly at the time of the alleged events?" (D.N. 47, PageID # 116)

In response, the United States provides numerous citations to cases from nearly every circuit court of appeals holding that evidence of a sex-trafficking victim's prior or subsequent prostitution is inadmissible under Rule 412. (*See* D.N. 63) Indeed, most courts have found such evidence to be irrelevant to the crime charged. *See, e.g.*, *United States v. Gemma*, 818 F.3d 23, 34 (1st Cir. 2016); *United States v. Roy*, 781 F.3d 416, 420-21 (8th Cir. 2015); *United States v. Cephus*, 684 F.3d 703, 708 (7th Cir. 2012); *United States v. Valenzuela*, 495 F. App'x 817, 820 (9th Cir. 2012) (per curiam); *see also United States v. Mack*, 808 F.3d 1074, 1084 (6th Cir. 2015) (citing *Cephus*, 684 F.3d at 708; *Valenzuela*, 495 F. App'x at 820) (rejecting defendant's argument that evidence of victims' history of prostitution was relevant to show lack of coercion).

This Court likewise concludes that any evidence of subsequent prostitution by Givhan's alleged victims is not relevant to whether Givhan used force, threats, or coercion to cause them to engage in commercial sex acts during the time period charged in the indictment. *Cf. Roy*, 781 F.3d at 420 ("The victim's participation in prostitution either before or after the time period in the indictment has no relevance to whether [the defendant] beat her, threatened her, and took the money she made from prostitution in order to cause her to engage in commercial sex." (citing *Cephus*, 684 F.3d at 708; *Valenzuela*, 495 F. App'x at 819-20)). Even if it were relevant, Givhan has not shown that exclusion of this evidence would violate his right of confrontation. *See* Fed. R. Evid. 412(b)(1)(C). To the extent he argues in his reply that the evidence is necessary to shed light on witnesses' possible motives for testifying (*see* D.N. 67), the Court notes that any favorable treatment from the government offered in exchange for witnesses' cooperation could be explored on cross-examination without reference to the nature of their crimes. *See Roy*, 781 F.3d at 421. Givhan's motion to introduce evidence of victims' subsequent prostitution will therefore be denied.

**III.     Motion to Exclude "Unduly Prejudicial" Evidence**

Finally, Givhan asks the Court to exclude certain evidence he characterizes as unduly prejudicial. (D.N. 57) Specifically, he argues that references to abortion and anal sex; books and videos about pimping that were found in his possession; and posts from his Instagram account should be excluded. (*See id.*, PageID # 185-87) The United States agrees that testimony regarding one of Givhan's alleged victims having had an abortion would be "unnecessarily distracting and unduly prejudicial" (D.N. 64, PageID # 242); accordingly, Givhan's motion will be granted to the extent he seeks to exclude such evidence. In most other respects, the motion will be denied.

**A.     References to Anal Sex**

Givhan contends that the jury should not hear testimony that he forced one of his alleged victims, Jane Doe #1, to have anal sex with him. (D.N. 57, PageID # 185-86) He argues that any such testimony would be irrelevant and more prejudicial than probative because jurors who have not experienced anal sex may consider it to be "inherently violent or humiliating" and thus might "dislike the defendant merely on the basis that he engaged in" it. (*Id.*, PageID # 185)

Givhan's argument ignores the context of Jane Doe #1's anticipated testimony. As set forth in the government's pretrial memorandum,

> Givhan wanted Jane Doe #1 to offer anal sex to prostitution clients because they would pay more money for this service. Jane Doe #1 had not engaged in anal sex before, and did not want to offer such services. Givhan forced Jane Doe #1 to have anal sex with him.

(D.N. 48, PageID # 121) Thus, evidence that Givhan forced Jane Doe #1 to engage in anal sex with him supports the government's theory that he forced or coerced her to engage in commercial sex acts. *See United States v. Townsend*, 521 F. App'x 904, 906-07 (11th Cir. 2013) (rape constituted use of force for purposes of § 1591(a) prosecution). Furthermore, testimony

4

that Givhan "wanted Jane Doe #1 to offer anal sex to prostitution clients" is probative of Givhan's intent, i.e., whether he intended for her to engage in commercial sex acts. That some jurors might view anal sex as "inherently violent or humiliating" is beside the point given that the act described constitutes rape.

In sum, the proposed testimony regarding anal sex is relevant and not unduly prejudicial. The Court thus will not exclude it.

        B.        **Pimping Book and Videos**

Givhan also seeks exclusion of a book and videos pertaining to pimping that were found in his possession. (D.N. 57, PageID # 186) He maintains that these items are not relevant to any issue in the case "but are highly prejudicial" because jurors could conclude "that he is a bad person for liking to read such books" or might find the movies "distasteful." (*Id.*)

Again, Givhan's argument ignores the context in which the evidence would be presented. The government describes the items in question as "essentially 'How-To' guides on compelling women to engage in commercial sex for one's profit." (D.N. 64, PageID # 247) Givhan's alleged victims are expected to testify that he required them to watch the videos "to understand how they were to act toward him as their pimp." (*Id.*) Such evidence is relevant to show that Givhan intended for the women to engage in commercial sex acts. *See, e.g.*, *United States v. Walters*, 351 F.3d 159, 168 (5th Cir. 2003) (chapter of book pertaining to bomb-making was properly admitted where it was relevant to charged offense and probative of defendant's intent). Givhan's contention that jurors might unfairly judge him for possessing these materials is undermined by his references to them as "mainstream." (D.N. 57, PageID # 186 (describing *Pimpology* as "a mainstream book that has been read by many in the general population," "well reviewed at Amazon and in Goodreads")) The book and videos will not be excluded at this time.

5

C.     **Instagram Posts**

Finally, Givhan argues that the government should not be allowed to introduce posts from his Instagram account at trial. (D.N. 57, PageID # 187) He contends that the posts are irrelevant and, because they are "distasteful," "could inflame the jury and lead them to convict [him] on the basis that they do not like him," as opposed to the proof. (*Id.*)

The majority of the posts pertain to pimping and prostitution or travel. (*See* D.N. 71) The Court agrees with the United States that there is nothing inherently distasteful about the travel photos, which reflect scenes from Givhan's apparent visits to various locations—for example, a picture of Givhan standing in front of a barbecue restaurant sign wearing a knit hat and a coat, with the caption "In Texas freezing" (*Id.*, PageID # 299); a hotel exterior and busy street, with the caption "#SouthBeach" (*id.*, PageID # 305); or plates of food, with the caption "#kentuckyderby." (*Id.*, PageID # 313-14) As Givhan is charged with transporting women in interstate commerce for the purpose of prostitution (*see* D.N. 1), such photos are relevant to establish the element of interstate travel. *See* 18 U.S.C. § 2421(a).

The bulk of the remaining posts are offered as evidence of Givhan's state of mind with respect to pimping and prostitutes. The United States asserts that several posts "are directly related to specific issues or incidents that victims will testify about," such as Givhan's alleged violence toward women and his requirement that prostitution proceeds be handed over to him. (D.N. 64, PageID # 250; *see id.*, PageID # 250-52) These images, while often offensive, are not so graphic or inflammatory as to unfairly prejudice Givhan (who describes them as merely "distasteful"). (D.N. 57, PageID # 186-87) They thus will not be excluded, with one exception.

One post—a cartoon—depicts a baby in a cage and a woman leaning over the cage saying, "You can come out when you're done being a little f*****." (D.N. 71, PageID # 296)

6

The United States contends that this image "is relevant to allegations the Defendant put a woman in a dog cage as punishment." (D.N. 64, PageID # 250) That incident, which the government seeks to introduce as background or 404(b) evidence (*see* D.N. 53, PageID # 165), did not involve any of the victims named in the indictment, and the purported connection between the cartoon and the witness's proposed testimony is too attenuated to establish relevance. Moreover, any probative value the cartoon might have is outweighed by the danger of unfair prejudice it presents, as jurors could easily find the treatment of the baby depicted in the cartoon offensive. Givhan's treatment of women is at issue in this case; his treatment of children is not. The cartoon will therefore be excluded from evidence.

      Three of the posts do not pertain to travel or pimping. The first is offered not for the post itself but for a comment by "King David," whose relationship to Givhan "will be relevant at trial," according to the United States. (D.N. 64, PageID # 249; *see* D.N. 71, PageID # 280) The second is a photo of a woman's neck with the word "Premier"—Givhan's nickname—tattooed on it; the photo is captioned "#treason." (D.N. 71, PageID # 318-19) Givhan allegedly required Jane Doe #1 to get this tattoo during a trip to Texas. (*See* D.N. 48, PageID # 121) The third image, which the government offers as context for the other posts, states, "I'm the same me on & off Instagram." (D.N. 71, PageID # 286) None of these posts is even arguably "distasteful" on its face, and the United States has articulated the relevance of each. The Court thus declines to exclude them.

      Finally, to the extent the United States intends to offer the Instagram posts for the truth of the matter asserted, they would likely be admissible as statements of a party opponent under FRE 801(d)(2)(A). As the government has not identified any specific posts it seeks to introduce for their truth, the Court withholds any hearsay determination at this time.

## IV.   Conclusion

For the reasons explained above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Defendant's motion for expanded voir dire (D.N. 50) is **DENIED**.

(2) Defendant's motion to introduce evidence of victims' prior or subsequent prostitution (D.N. 54) is **DENIED**.

(3) Defendant's motion to exclude references to abortion and anal sex, books and videos pertaining to pimping, and Instagram posts (D.N. 57) is **GRANTED** with respect to the issue of abortion and the Instagram post depicting a baby in a cage.  The remainder of the motion is **DENIED**.

December 1, 2016

**David J. Hale, Judge**
**United States District Court**